IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DORAETHIA SHORTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-953 |
| MARYLAND RURAL DEVELOPMENT CORPORATION, | * | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### **MEMORANDUM OPINION**

The *Pro Se* Plaintiff Doraethia Shorter ("Plaintiff") began working as a Family Development Specialist for the Maryland Rural Development Corporation ("MRDC" or "Defendant") in November of 2008. *See* Complaint 3, ECF No. 1. At some point in 2009, she developed an unspecified form of cancer. Although she began working part time, she alleges that she still completed all her work in a satisfactory manner. *See* Complaint 3-4, ECF No. 1. Nevertheless, she was terminated on March 22, 2012. *See* Complaint 3, ECF No. 1. On March 29, 2013, Plaintiff filed this action alleging that the Maryland Rural Development Corporation ("Defendant") discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 ("ADA"). *See* Complaint 1-2, ECF No. 1. Presently pending before this Court is Defendant's Motion to Dismiss (ECF No. 17) in which the Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has not stated a viable claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending is the Plaintiff's Second Motion to Appoint Counsel (ECF No. 26).

The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant Maryland Rural Development Corporation's Motion to Dismiss (ECF No. 17) is GRANTED and Plaintiff's Motion to Appoint Counsel (ECF No. 26) is DENIED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'"  *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (2d ed. 1990)).  Although a *pro se* plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even *pro se* litigants to state their claims in an understandable and efficient manner."  *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims."  *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012).

Plaintiff was terminated from MRDC on March 22, 2012 after three years as a Family Development Specialist.  Over one year later, she filed the subject complaint (ECF No. 1) alleging that the MRDC discriminated against and wrongfully terminated her for "all the time

[she] missed from cancer complications" in violation of Title VII, the ADA, and the Rehabilitation Act. *See* Complaint 1-2, ECF No. 1. Plaintiff had previously filed a Charge of Discrimination (ECF No. 1-1) with the Equal Employment Opportunity Commission ("EEOC") claiming she was discriminated against based on a disability and in retaliation "for involvement in protected activity in violation of the Americans with Disabilities Amendment Act." Charge of Discrimination 2, ECF No. 1-1. Defendant filed a Motion to Dismiss (ECF No. 17) arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has not stated a viable claim.

## STANDARD OF REVIEW

**I.    Standard of Review for Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction

exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## II. Standard of Review for Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).  Second, a complaint must be dismissed if it does not allege "a plausible claim for relief."  *Iqbal*, 556 U.S. at 679.  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I. Subject Matter Jurisdiction

Plaintiff claims she was discriminated against in violation of Title VII and the ADA because she missed work due to complications from cancer.  *See* Complaint 3, ECF No. 1.  Defendant makes two separate arguments as to why this Court lacks subject matter jurisdiction over Plaintiff's Title VII and ADA claims.  Both involve Plaintiff's alleged failure to exhaust all administrative remedies before bringing this suit.  *See* Motion to Dismiss 6, ECF No. 17.

Defendant first argues that Plaintiff failed to exhaust her administrative remedies because she did not sign or verify the Charge she filed with the EEOC.  Before a person can file a suit in this Court alleging violation of Title VII or the ADA, she must file a charge of discrimination with the EEOC.  *See* 42 U.S.C. 2000e-5(f)(1); 42 U.S.C. 12117(a).  Filing a charge with the EEOC requires that "[the] charge . . . be in writing and signed and . . . verified." 29 C.F.R. § 1601.9.  The term "verified" is defined as "sworn or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths

and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3.

Plaintiff did not sign her Charge. Moreover, Plaintiff's Charge was not sworn or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, nor did she support it by an unsworn declaration in writing. *See* Charge of Discrimination, ECF No. 1-1. Further, Plaintiff has not indicated that she attempted to amend or later verify her EEOC charge. In her Response in Opposition to Defendant's Motion to Dismiss, Plaintiff asserted that the charge is "viable," but did not respond cogently to Defendant's claims that the charge is not signed or verified. *See* Response in Opposition 2, ECF No. 22. Given the fact that the Fourth Circuit "strictly observe[s]" the verification requirement, an unverified charge that was never amended by a verified, formal charge is "simply . . . not enough" to constitute an exhaustion of Plaintiff's administrative remedies. *Santiago v. Giant Food Inc.* 2001 WL 118628 (2001); s*ee also Merchant v. Prince George's County*[1] 948 F. Supp. 2d 515, 520 (D. Md. 2013); *Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994). Therefore, Plaintiff's Title VII and ADA claims will be dismissed for lack of jurisdiction.[2]

---

[1] *Merchant* dealt as well with a plaintiff who failed to verify an EEOC charge and still attempted to sue. The court explicitly rejected the notion that the verification requirement could be disregarded and further stated that even if the failure to verify resulted from the EEOC's negligence, a court could still not remove the requirement. *See Merchant* 948 F. Supp. 2d at 523-24.

[2] Defendant has also argued that this Court lacks jurisdiction because Plaintiff's claims are not sufficiently related to her EEOC Charge. *See Evans v. Techs. Applications & Service Co.* 80 F.3d 954, 962-63 (4th Cir. 1996) ("Allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."); *see also Chacko v. Patuxent Institution* 429 F.3d 505, 506 (4th Cir. 2005) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."). This court agrees with Defendant on the Title VII claim, but not with respect to the ADA claim.

In her Charge, Plaintiff does not claim she was discriminated against based on any protected status covered by Title VII. *See* Charge of Discrimination 2, ECF No. 1-1. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims. *See Bailey v. Ares Group, Inc.* 803 F.Supp.2d 349, 359 (D. Md. 2011) (dismissing a disability claim because it was not contained in EEOC charge).

II.     **Motion to Dismiss pursuant to Rule 12(b)(6)**

Alternatively, even if the Plaintiff had established subject matter jurisdiction for her Title VII and ADA claims, she has failed to state viable claims. She has also failed to state viable claims under the Rehabilitation Act.

In a recent unpublished opinion, the Fourth Circuit suggested that a *pro se* Title VII plaintiff must "satisfy only the simple requirements of Rule 8(a)" and need not establish a *prima facie* case in order to survive a 12(b)(6) motion. *See Miller v. Carolinas Healthcare Systems*, 2014 WL 961571 (4th Cir. 2014) (quoting *Swierkiewicz v. Sorema* 534 U.S. 506, 513 (2009)). Even under that low standard, however, Plaintiff still fails to properly plead her claim. Rule 8(a) requires that the pleader provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must be a member of a class protected by Title VII in order to be entitled to relief. *See Luy v. Baltimore Police Department* 326 F. Supp. 2d 682, 688 (D. Md. 2006). Plaintiff does not assert in her Complaint that she is a member of any class protected by Title VII. Therefore, in addition to the aforementioned jurisdictional grounds for dismissal, Plaintiff's Title VII claims are also subject to dismissal for failure to state a claim.

Plaintiff's ADA and Rehabilitation Act claims are not subject to the same level of deference the Fourth Circuit laid out in *Miller* and will be held to the 12(b)(6) standard as

---

As for the ADA claim, Defendant points out that there is a divergence from the Charge in Plaintiff's Complaint: in her Charge, she alleged she was "subjected to retaliation for involvement in protected activity in violation of the Americans with Disabilities Amendment Act," but in this suit she claims to have been discharged due to "all the time [she] missed from cancer complications." Charge of Discrimination 2, ECF No. 1-1; Complaint 3, ECF No. 1. Defendant correctly notes that Plaintiff "never submitted nor specifically referenced [the missing time reason] in her EEOC Charge." Considering the fact that Plaintiff is proceeding *pro se* and the Fourth Circuit has directed courts to "construe [EEOC charges] liberally" since they are not prepared by lawyers, this Court will not dismiss Plaintiff's ADA charge on this ground. *Chacko* 429 F.3d at 509. The "protected activity" should have been described more fully in the Charge, but Plaintiff was most likely referring to missing time from cancer complications. Plaintiff's ADA claim is still dismissed, however, because of the aforementioned failure to sign or verify the EEOC Charge.

explicated by the Supreme Court in *Iqbal*. Turning first to the ADA, the Court notes that the statute prohibits discrimination against a "qualified individual with a disability because of the disability of the individual." 42 U.S.C. § 12112(a). Plaintiff must therefore establish that she is in fact disabled. With respect to an individual, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff alleges that she was discriminated against after she missed time due to cancer complications. *See* Complaint 3, ECF No. 1. She provides no detail as to what form of cancer she had and whether it substantially limited a major life activity. Thus, Plaintiff fails to allege an essential element of a disability claim under the ADA. Accordingly, her disability claim must be dismissed.

In order to establish a *prima facie* case under the Rehabilitation Act, a plaintiff must demonstrate that (1) she is disabled, (2) she was otherwise qualified for the employment in question, (3) she suffered an adverse employment action because of the disability. *See Constantine v. Rectors & Visitors of George Mason University* 411 F.3d 474,498 (4th Cir. 2005). Only the second prong is supported by any facts[3]; the first and third consist of "mere conclusory statements" which "do not suffice" to state a cause of action. *Iqbal*, 556 U.S. at 678. Simple assertions like, "I believe I was terminated due to all the time I missed due to cancer complications" and "my peers have/had been in the same situation and no one was terminated" are not sufficient to meet the *Iqbal* standard. Complaint 3, ECF No. 1; *see Coleman v. Prince George's County Department of Social Services* 2010 WL 917871, 3 (D. Md. 2010) (dismissing discrimination complaint because plaintiff provided only "mere assertions").

---

[3] In her Response in Opposition, Plaintiff cites her performance evaluations which range from "satisfactory" to "definitely above average." Response in Opposition 7, ECF No. 22.

Furthermore, the Rehabilitation Act requires that the alleged discrimination must have occurred "solely by reason of" the disability.  29 U.S.C. § 794(a).  Plaintiff does not assert this and in fact provides a secondary reason for her termination: the program's "financial problems."  Complaint 4, ECF No. 1.  Plaintiff has "not nudge[d] [her] claims across the line from conceivable to plausible" and therefore her Rehabilitation Act claims are dismissed.  "[E]ven a *pro se* complaint must be dismissed if it does not allege 'a plausible claim for relief.'" *Forquer v. Schlee,* No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (quoting *Iqbal,* 556 U.S. at 679).

Finally, Plaintiff fails to state a viable claim for wrongful termination.  In order to state a claim for wrongful termination, a plaintiff must demonstrate that her employer's conduct violated some clear mandate of public policy.  *See Higgins v. Food Lion, Inc.*, 2001 WL 77696, 4 (D. Md. 2001).  Plaintiff makes no such assertion in her complaint and so she fails to state a viable claim for wrongful termination.  Additionally, this Court has held that a plaintiff can maintain a wrongful termination suit only when there exists no remedy provided by statute.  *See Taylor v. Rite Aid Corporation*, 2014 WL 320214, 6 (D. Md. 2014).  In this instance, there exists both the Rehabilitation Act and the ADA to provide Plaintiff an opportunity to remedy her alleged wrongful termination.  Therefore, her wrongful termination claim is dismissed.

### III.    Motion to Appoint Counsel

This Court previously denied the Plaintiff's request for appointment of counsel (ECF No. 10).  The presently pending Second Motion to Appoint Counsel (ECF No. 26) is accordingly now DENIED as MOOT.

## CONCLUSION

For the reasons stated above, Defendant Maryland Rural Development Corporation's Motion to Dismiss (ECF No. 17) is GRANTED, and the Plaintiff's Motion to Appoint Counsel (ECF No. 26) is DENIED.

A separate Order follows.

Dated: July 2, 2014                             /s/
                                                                Richard D. Bennett
                                                                United States District Judge